UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHITE                                              CIVIL ACTION

VERSUS                                             NO: 09-3152

WIMBERLY ET AL.                                    SECTION: J (1)

## ORDER AND REASONS

Before the Court is Plaintiff Nichele White's **Motion for Partial Summary Judgment on the Issue of Liability and Comparative Fault (Rec. Doc. 45)** as well as Defendants George A. Wimberely, the Estate of George A. Wimberely, and Economy Premier Assurance Company's **Memorandum in Opposition to Motion for Partial Summary Judgment (Rec. Doc. 49)** and Plaintiff's **Reply to Defendant's Opposition to Motion for Partial Summary Judgment (Rec. Doc. 53).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of an automobile accident involving Plaintiff and Defendant George Wimberly which occurred on March 12, 2008, in Jefferson Parish. According to Plaintiff, George Wimberly rear-ended Plaintiff, causing her to collide with the vehicle ahead of her. Plaintiff now moves for partial summary judgment on the issue of liability and comparative fault, arguing that because Louisiana law presumes that a person who has rear-ended another vehicle is at fault and because Defendants point to no other sources of fault, there are no genuine issues of

material fact.

Defendants filed an Opposition on August 25, 2010, arguing, principally, that reasonable minds could differ over the allocation of fault because the Plaintiffs have offered no evidence to show conclusively that Plaintiff was not also negligent.

Subsequently, Plaintiff filed its Reply on August 31, 2010, largely reiterating the arguments it asserted in its Memorandum in Support of Motion for Partial Summary Judgment.

## THE PARTIES' ARGUMENTS

In support of its Motion, Plaintiff asserts that Louisiana law presumes that a driver that rear-ends another driver is at fault. Consequently, the Plaintiff argues, the burden of proof is on the Defendants to prove that George Wimberly was not negligent. Plaintiff contends that because Defendant has produced no evidence to rebut the presumption of Defendant's liability, Plaintiff is entitled to partial summary judgment on the issue of liability and comparative fault. Relatedly, Plaintiff argues that Defendants are solely liable for the automobile accident because there is no evidence to show that anyone else is also partially liable. Finally, Plaintiff points out that Economy Premier Assurance Company provided liability insurance for the vehicle driven by George Wimberly at the time of the automobile accident.

Defendants, in Opposition, counter that summary judgment is inappropriate for allocation of fault determination because such is a question for the jury, at least where reasonable minds could differ. In order to prove liability in a negligence action, Defendants note that a plaintiff must prove five elements, Fowler v. Roberts, 556 So. 2d 1, 4-5 (La. 1989); Defendants argue that four of those elements are issues to be decided by the jury except in cases where no reasonable minds could differ. Here, Defendants argue that reasonable minds could differ on the issue of fault allocation. In support, Defendants point to Mustiful v. Strickland, 98-1294, 732 So. 2d 741, 744,(La. App. 3 Cir. 4/7/99), for the proposition that a driver who rear-ends another driver is not necessarily solely at fault.

## DISCUSSION

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. Id. Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate facts

showing that there is a genuine issue of material fact in dispute. Id. "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little, 37 F.3d 1075 (emphasis in original) (citations omitted).

Here, Plaintiffs have demonstrated that there is no genuine issue of material fact by showing that there is a presumption in favor of Defendants' liability, by noting that there is no other evidence suggesting that Defendants are not solely liable, and by showing that George Wimberly was covered by an automobile insurance policy in effect at the time of the accident.

Defendants, however, have not satisfied their burden of

pleading specific facts adequate to show that there is a genuine issue of material facts, and consequently, Defendants have failed to defeat Plaintiff's Motion.  In their Opposition, Defendants make much of the fact that some courts have found that a following motorist can rebut the presumption that he is liable.[1]  While this assertion is certainly true, it merely functions as a feeble attempt to cast doubt on Plaintiff's claims while failing to point to any set of facts which would be sufficient to rebut those claims.  In fact, Defendants have pointed to no facts which would suggest another party's liability for the accident in question, and they have made no attempt to dispute Plaintiff's claims regarding George Wimberly's insurance coverage at the time of the accident.  Instead, Defendants merely argue that "[Plaintiff's] deposition testimony does not exclude the possibility that perhaps she was following too close[ly] to the vehicle in front of her and thus [was] comparatively negligent."  As noted above, the Defendants' burden cannot be satisfied by

---

[1] For example, the court in <u>Mustifal</u> notes, "It is firmly established that the operator of a following vehicle is required to keep his car under control, to observe closely a forward vehicle, and to follow at a safe distance.  If a rear-end collision occurs, the following motorist is presumed negligent.  For the following motorist who collides with a preceding vehicle to exculpate himself, he must show that he kept his vehicle under control, that he closely observed the forward vehicle, that he followed at a safe distance under the circumstances, *or that the driver of the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid.*"  <u>Mustifal</u>, 732 So. 2d at 744 (quoting <u>Rudd v. U. S. Auto Ass'n</u>, 626 So. 2d 568, 570 (La. App. 3 Cir., 1993)) (emphasis in original).

"conclusory allegations" or "unsubstantiated assertions" as Defendant presents here. As a result, Defendants' Opposition fails.

Accordingly, **IT IS ORDERED** that the Plaintiff's Motion for Partial Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 9th day of September, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT